IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KACY FLANAGAN AND JOHNNY FLANAGAN, AS NEXT FRIENDS OF JANE DOE, A MINOR | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. 4:20-cv-00669-SDJ |
| PLANO INDEPENDENT SCHOOL DISTRICT | § § § § | |
| Defendant. | § § | |

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Plano Independent School District ("PISD") files this Motion to Dismiss asking the Court to dismiss Plaintiffs' claims brought under 42 U.S.C. § 1983 for alleged violation(s) of the substantive due process clause of the Fourteenth Amendment to the United States Constitution.

### I.
### INTRODUCTION

1.1   All factual allegations stated herein are found in Plaintiff's Original Complaint [Dkt. 1], which must be taken as true for purposes of this motion to dismiss.

1.2   Plaintiffs are a minor, Jane Doe, by next friend of her parents, Kacy Flanagan and Johnny Flanagan ("Plaintiffs"). At the times relevant to this matter, Jane Doe was a student enrolled in PISD's elementary schools who participated in PISD's elementary after-school care program (PASAR). Defendant PISD is a Texas public school district. Dkt. 1, ¶¶ 2, 3, 6, 8-12.

1.3   Plaintiffs allege that during Jane Doe's attendance at PISD's PASAR after-school care program in kindergarten, "a student ("Student 1") in the PASAR program had asked Jane if he

could touch her genitals. Thereafter, Jane and Student 1 would go to the reading corner in the classroom they were in where Student 1 would touch Jane inside her 'clothes' and inside her 'body,' as Jane describes it. Student 1 also coerced Jane into touching Student 1's body." Dkt. 1, ¶ 10. "The following academic school year (first grade for Jane), Student 1 told another PASAR student ("Student 2") what Student 1 and Jane did together the previous school year. Student 2 expressed interest in also touching and being touched by Jane, after which Student 1 and Student 2 would trade off touching Jane and being touched by Jane." Dkt. 1, ¶ 11. "The following academic school year (second grade for Jane), Student 1 told yet another PASAR student ("Student 3") about what Student 1 and Student 2 did with Jane the previous school year, and Student 3 thereafter expressed interest in also touching and being touched by Jane, after which Student 1 and Student 3 would trade off touching Jane and being touched by Jane." Dkt. 1, ¶ 12.

1.4     According to Plaintiffs' complaint, the above conduct violated Jane Doe's liberty interest in her bodily integrity that is protected by the substantive due process clause of the Fourteenth Amendment. Dkt. 1, ¶¶ 27-29. Additionally, according to the complaint, "[t]he District is further liable to Plaintiffs under § 1983 because the District failed to train and supervise its personnel regarding how to properly react to a report of sexual abuse on one of its campuses." Dkt. 1, ¶ 34. "All these shameful facts illustrate the District's callous disregard and deliberate indifference to Jane's fundamental right to be free from sexual abuse while at the District's campus for PASAR." Dkt. 1, ¶ 39.

1.5     Importantly, however, Plaintiffs' complaint is void of any allegations that the PISD Board of Trustees – the PISD's policymaker – had actual or constructive knowledge of either (1) the sexual abuse Jane Doe alleges she suffered, (2) any alleged policy or custom of indifference to student-on-student sexual abuse in its schools, or (3) any alleged inadequate training procedures.

Moreover, there are no allegations of any sexual abuse of Jane Doe (or any other student) by any PISD employee. Rather, all of the complaint's allegations concern alleged student-on-student sexual abuse.

1.6     Plaintiffs bring two causes of action against PISD based on the allegations in the complaint: (1) violations of 42 U.S.C. § 1983 based on an alleged substantive due process violation in contravention of the Fourteenth Amendment of the U.S. Constitution, and (2) violations of 20 U.S.C. § 1681 (Title IX) based on alleged conscious indifference to alleged sexual abuse of Jane Doe by one or more PISD students. Dkt. 1, ¶¶ 26-41, 42-48. PISD files this Rule 12(b)(6) motion to dismiss seeking dismissal of Plaintiffs' claims brought under Section 1983.

## II.
## DISMISSAL PURSUANT TO RULE 12(b)(6)

### A.     Standard for Dismissal Under Rule 12(b)(6)

2.1     Under Fed. R. Civ. P. 12 (b)(6), the Court may dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Id*. Under Rule 12 (b)(6), "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief..." *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citations omitted).

2.2     While detailed factual allegations are not required, plaintiffs must allege facts sufficient to "nudge[] their claims across the line from conceivable to plausible. ..." *Twombly*, 550 U.S. at 570. Stated another way, a plaintiff's "[f]actual allegations must be enough to raise a right to relief

above the speculative level"; "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.* at 555; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

2.3     After *Twombly* and *Iqbal*, "it is now abundantly clear that identifying only what law forms the basis of the complaint, without pleading facts indicating *how* a defendant violated that law, proves only a theoretical possibility that a cause of action *could* be stated against the defendant, not that plaintiff *did* state a cause of action." *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 979 (E.D. Tex. 2010).

**B.     Plaintiffs' Section 1983 Claims are Not Plausible**

    **1.  Elements required for a plausible Section 1983 claim**

2.4     To state a Section 1983 claim, Plaintiffs must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. [1] *Clinton v. Dallas Indep. Sch. Dist.*, 2019 U.S. Dist. Lexis 52972, * 18 (N.D. Tex. 2019) (citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). Further, to ascribe liability to PISD, which is considered a local government for Section 1983 purposes, Plaintiffs must also allege that an "official policy or custom" of PISD "was a cause in fact of the deprivation of rights inflicted." *Id.* Thus, "[school district] liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)). An official policy may take "various forms," including

---

[1] "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).

"a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents [school district] policy.'" *Fennell v. Marion Indep. Sch. Dist.,* 804 F.3d 398, 413 (5th Cir. 2015) (quoting *James v. Harris Cnty.,* 577 F.3d 612, 617 (5th Cir. 2009)). "However, to establish government entity liability based on an alleged custom or practice of [a public school district] and its employees, the Complaint must plead facts demonstrating unconstitutional incidents that 'occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of its employees.'" *Bhombal v. Irving Indep. Sch. Dist.,* 2019 U.S. Dist. Lexis 108236, * 20-21 (N.D. Tex. 2019) (quoting *Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984)).

2.5 Importantly, for there to be school district liability under Section 1983, the "policymaker" of the school district must have actual or constructive knowledge of the official policy or custom – under Texas law, the policymaker for a public school district such as PISD is its board of trustees. *Fennell,* 804 F.3d at 413. The Fifth Circuit is clear: "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City,* 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997)).

2.6 Further, regarding Plaintiffs' failure to train/supervise allegations, "[f]ailure to train [or supervise] is a separate theory of municipal liability, but the **same standard** applies both to a failure to train claim and to a municipal liability claim." *Pinedo v. City of Dallas,* 2015 U.S. Dist. Lexis 111970, * 20 (N.D. Tex. 2015) (emphasis added); but cf. *Anderson v. Marshall Cnty., Miss.,* 637 Fed. Appx. 127, 134 (5th Cir. 2016) (per curiam) ("Even within the difficult world of *Monell*

liability, failure-to-train claims are especially difficult to establish.") (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.")). In other words, a plausible failure to train/supervise claim requires a policymaker, an official policy or custom, and a violation of constitutional rights whose "moving force" is the policy or custom. See *Piotrowski*, 237 F.3d at 578. Thus, to plead a plausible failure to train/supervise claim Plaintiffs must allege facts showing (1) the training procedures were inadequate; (2) the school district's policymaker (the board of trustees) was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused the complained of injury. *Pinedo*, 2015 U.S. Dist. Lexis 111970 at * 20; *Fletcher v. Lewisville Indep. Sch. Dist.*, 2016 U.S. Dist. Lexis 47113, *22 (E.D. Tex. 2016). Importantly, this requires that the "policymaker" – here, PISD's board of trustees – was deliberately indifferent to the purported inadequate training/supervision. "'Deliberate indifference' is a stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action" for which "[a] showing of simple or even heightened [gross] negligence will not suffice." *Valle v. City of Houston*, 613 F.3d 636, 542, 547 (5th Cir. 2010). To satisfy the deliberate indifference requirement, the plaintiff must generally "show a pattern of violations and that the inadequate training or supervision was obvious and obviously likely to result in a constitutional violation." *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010); *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). Importantly, as with a municipal liability claim, "[a] failure to train claim requires a constitutional violation." *Poloceno v. Dallas Indep. Sch. Dist.*, 2019 U.S. Dist. Lexis 104552, *12 (N.D. Tex. 2019).

### 2. Plaintiffs do not allege a violation of Jane Doe's constitutional rights

2.7 As stated above, a plausible Section 1983 claim requires an underlying constitutional violation. Here, citing *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 445 (5th Cir. 1994), Plaintiffs' complaint alleges "[i]n Texas, school children (like Jane) have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and that physical sexual abuse **by a school employee** violates that right." Dkt. 1, ¶ 29 (emphasis added). However, *Doe v. Taylor Indep. Sch. Dist.* concerned sexual abuse "by a school employee" (i.e., a state actor), not by a fellow student (i.e., a private actor). This is a critical distinction.

2.8 According to the Fifth Circuit, a state's failure to protect an individual against private violence generally does not constitute a violation of the Due Process Clause sufficient to state a claim under Section 1983. *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 855 (5th Cir. 2012); *Fletcher,* 2016 U.S. Dist. Lexis 47113 at * 7. "[O]nly where a state first creates a special relationship with an individual does the state then have 'a constitutional duty to protect that individual from dangers, including, in certain circumstances, private violence.'" *Covington,* 675 F.3d at 863 (quoting *McClendon v. City of Columbia,* 305 F.3d 314, 324 (5th Cir. 2002)). Thus,

> Without a special relationship, a public school has no *constitutional* duty to ensure that its students are safe from private violence. That is not to say that schools have absolutely no duty to ensure that students are safe during the school day. Schools may have such a duty by virtue of a state's tort or other laws. However, "section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."

*Id.* at 858 (quoting *Baker v. McCollan,* 443 U.S. 137, 146 (1979)).

2.9 As recognized by this Court, "the Fifth Circuit has consistently rejected the idea that the 'special relationship' theory of liability – i.e., when the state has a duty to protect individuals

against private violence – extends past three very specific situations: when the state (1) incarcerates a prisoner; (2) involuntarily commits a person to an institution; or (3) places a child in foster care." *Estate of Mont. v. Kyer,* 2012 U.S. Dist. Lexis 160580, * 8 (E.D. Tex. 2012); see also *Fletcher,* 2016 U.S. Dist. Lexis 47113 at * 7. Relevant here,

> It is well-settled that 'a public school does not have a special relationship with a student that would require the school to protect the student from harm at the hands of a private actor.' [quoting and citing cases]. The Fifth Circuit has found that factors such as the student's age, compulsory school attendance laws, and even the affirmative act of placing a student into an abuser's custody, do not create a special relationship sufficient to create a constitutional violation under Section 1983.

*Fletcher,* 2016 U.S. Dist. Lexis 47113 at * 8.

2.10   In this case, Plaintiffs have not stated (and cannot state) a special relationship in their allegations. Without such a special relationship, PISD, as a public school district, has *no constitutional duty* to ensure that its students, including Jane Doe, are safe from private violence. Because there is no underlying constitution violation, Plaintiffs have not stated a plausible Section 1983 claim for either a violation of Jane Doe's liberty interest or for a failure to train/supervise. Dismissal of these Section 1983 claims pursuant to Rule 12(b)(6) is therefore proper for this reason.

### 3. Plaintiffs do not allege an official PISD board policy or custom

2.11   In addition to the above, Plaintiffs' Section 1983 claims should also be dismissed because the complaint does not allege facts that PISD's policymaker – its board of trustees – had actual or constructive knowledge of any purported policy or custom of indifference to sexual abuse by students in its schools or of any alleged inadequate training/supervision. The law in this area is clear: "[i]n order to state a claim for municipal liability under 42 U.S.C. § 1983 against a school district in Texas, a plaintiff must provide proof of (1) a policymaker; (2) an official policy; and (3)

a violation of constitutional rights whose 'moving force' is the policy or custom." *Fletcher,* 2016 U.S. Dist. Lexis 47113 at * 14 (quoting *G.M. ex rel. Lopez v. Shelton,* 595 Fed. App'x 262, 265 (5th Cir. 2014)).

2.12 Importantly, "[a] plaintiff's allegations regarding the policy or custom cannot be conclusory, and they must contain specific facts showing the existence of such a custom. ... To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuse that transcends the error made in a single case.'" *Pinedo,* 2015 U.S. Dist. Lexis 111970 at * 11-12 (quoting *Piotrowski,* 237 F.3d at 582). In turn,

> An official policy may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or a persistent, widespread practice which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. The description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.

*Fletcher,* 2016 U.S. Dist. Lesix 47113 at * 14-15 (quoting *Shelton,* 595 Fed. App'x at 265). "A handful of instances will not rise to the level of a pervasive custom or practice." *Id.* at * 15 (quoting *Fennell v. Marion Indep. Sch. Dist.,* 963 F.Supp.2d 623, 640 (W.D. Tex. 2013)). Here, Plaintiffs' complaint is void of any factual allegations of an official policy or custom of being deliberately indifferent to student-on-student sexual abuse in PISD or of inadequate training/supervision.

2.13 In addition, even assuming, *arguendo,* that Plaintiffs' allegations are sufficient to plausibly allege a pervasive and widespread practice in PISD of being indifferent to student-on-student sexual abuse or of having inadequate training/supervision, nothing alleged by Plaintiffs shows that PISD's board of trustees had actual knowledge (i.e., discussions at board meetings or receipt of written information) or constructive knowledge (i.e., where the alleged violations were the subject

of prolonged discussion or of a high degree of publicity) of any alleged widespread practices regarding student-on-student sexual abuse or inadequate training/supervision. Indeed, no reference is made in Plaintiffs' complaint whatsoever attributing any alleged widespread practice to PISD's board of trustees. See Dkt. 1.

2.14 Relevant to Plaintiffs' allegations in this case, as this Court held in *Fletcher*,

> Without alleging facts to show that [PISD's] employees were acting in conformance with a custom that could be attributed to the policymaking board of trustees, allegations that [PISD] officials acted indifferently to Plaintiffs, condoned student-on-student physical harassment and bullying in the past, and minimized the severity of the acts by taking little or no punitive sanction against perpetrators to the point of violating the District's own policies and state and federal law do not adequately state a *Monell* claim under which the board of trustees may be held liable. [citing *Shelton*, 595 Fed. App'x at 266]. No policymaker has been alleged, and Plaintiffs' municipal liability claim should therefore be dismissed.

2016 U.S. Dist. Lexis 47113 at * 21-22. The same analysis and result applies here.

2.15 Because Plaintiffs' complaint has no allegations that PISD's board of trustees – PISD's policymaker – had actual or constructive knowledge of either (1) the sexual abuse Jane Doe alleges she suffered, (2) any alleged policy or widespread practice of indifference to student-on-student sexual abuse in its schools, or (3) any alleged inadequate training/supervision, the complaint fails to allege a plausible Section 1983 claim against PISD. Dismissal of Plaintiffs' Section 1983 claims is therefore appropriate for this additional reason.

### III.
### PRAYER

3.1 For these reasons, Plano ISD asks the Court to dismiss Plaintiffs' claims brought under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

<u>/s/ *Charles J. Crawford*</u>
**Charles J. Crawford**
State Bar No. 05018900
**Lucas Henry**
State Bar No. 24101901
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
Ph. 214-544-4000
Fax 214-544-4040
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANT PLANO INDEPENDENT SCHOOL DISTRICT**

### CERTIFICATE OF SERVICE

I certify that on September 28, 2020, a true and correct copy of the foregoing motion was served on all counsel of record through the Court's electronic document management system.

<u>/s/ *Charles J. Crawford*</u>
Charles J. Crawford